IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEFFREY LONGS,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY<br>and UNITED AUTOMOBILE,<br>AEROSPACE & AGRICULTURAL<br>IMPLEMENT WORKERS OF<br>AMERICA, LOCAL 3036 ("UAW"),<br><br>    Defendants. | Case No. 2:07-cv-02653-JPM-tmp |

**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT UAW
WITHOUT PREJUDICE AND DENYING ATTORNEYS' FEES AND COSTS**

Before the Court is Defendant United Automobile Aerospace and Agricultural Implement Workers of America, Local 3036's ("UAW") Motion to Dismiss or in the Alternative for Summary Judgment and for Attorneys' Fees and Costs (Doc. 28). Plaintiff responded in opposition to this motion on August 14, 2008 (Doc. 39). UAW Local 3036 filed a reply supporting its motion on September 10, 2008 (Doc. 44). The Court held a telephonic hearing on September 12, 2008. For the reasons that follow, Plaintiff's claims against UAW are DISMISSED WITHOUT PREJUDICE and UAW's Motion for Attorneys' Fees and Costs is DENIED.

Background

Plaintiff was employed by Ford Motor Company ("Ford"). He was a member of the bargaining unit represented by UAW Local 3036 ("UAW"). In addition to several claims against Ford, Plaintiff alleges that UAW violated its duty of fair representation under 29 U.S.C. § 185.[1]

Plaintiff claims that he filed several grievances in 2006, and that UAW failed to address some or all of these grievances. (Pl. Am. Compl. ¶¶16-20.) As further evidence that UAW's representation was inadequate, Plaintiff points to a December 2006 waiver of his rights to access the grievance process.[2] (Id. ¶ 23.)

On July 18, 2007, Plaintiff was terminated from his employment at Ford. (Id. ¶ 24.) On July 24, 2007, UAW Local 3036 filed a grievance on Plaintiff's behalf. (Aff. of Marion Danny Boren ¶ 7 ("Boren Affidavit").) Plaintiff alleges that he has not received any information about his grievances since his termination. (Pl. Am. Compl. ¶ 25.)

According to the Boren Affidavit, UAW presented Plaintiff's "step three" grievance to Ford on April 10, 2008. Ford verbally informed UAW that Plaintiff's grievance will be denied, but UAW has not received written notification of the denial. (Boren Aff. ¶ 10.) According to UAW, it cannot advance Plaintiff's grievance to the next step until it receives written notice from Ford of the step three denial. (Boren Aff. ¶ 11.) Plaintiff's Response to UAW's Motion does not dispute the factual allegations in the Boren Affidavit. (Pl.'s Resp. to Def. UAW's Mot.)

To support his fair representation claim, Plaintiff alleges that UAW (1) failed to process his claim in a timely manner and in accordance with the Collective Bargaining Agreement and

---

[1] Plaintiff's original complaint, filed October 12, 2007, included a fair representation claim against UAW. UAW, however, was not named in the caption of the complaint, and was not served with process until after Plaintiff filed his amended complaint on April 11, 2008.
[2] This waiver was part of a "Reinstatement Agreement." Plaintiff had been terminated by Ford in November 2006 for medical fraud. (Pl. Am. Compl. 23.) He was reinstated in December 2006, on twelve month probation. (Id.) As part of his reinstatement, Plaintiff was required to sign a pledge that he would not have access to the grievance process for the next twelve months. (Id.)

(2) "arbitrarily investigated his complaints" (Pl.'s Resp. 2, citing Pl. Am. Compl. ¶ 43). (Pl. Am. Compl. ¶¶ 41-45.)

UAW seeks dismissal of all claims against it, or, in the alternative, summary judgment on all claims. UAW also seeks attorneys' fees and costs.

Motion to Dismiss

As a preliminary matter, the Court notes that Plaintiff may not recover from UAW for any alleged breach of the duty of fair representation arising from his 2006 grievances. These claims are barred by the six-month statute of limitations. See DelCostello v. Int'l Broth. of Teamsters, 462 U.S. 151, 170-72 (1983); Martin v. Lake County Sewer Co., 269 F.3d 673, 678-79 (6th Cir. 2001). Accordingly, the Court's analysis is limited to Plaintiff's claim that UAW breached its duty of fair representation with respect to his July 2007 grievance.

Ordinarily, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement" before seeking a judicial remedy for a union's breach of the duty of fair representation. DelCostello, 462 U.S. at 163. See also Winston v. Gen. Drivers, Warehousemen & Helpers, Local Union No. 89, 93 F.3d 251, 255 (6th Cir. 1996). An employee may bring his claim before exhausting grievance and arbitration remedies, however, where the union "acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." DelCostello, 462 U.S. at 164. For example, if an employee is "prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance," the employee "may seek judicial enforcement of his contractual rights." Vaca v. Sipes, 386 U.S. 171, 185 (1967).

Plaintiff has not exhausted his grievance or arbitration remedies. The undisputed evidence indicates that his grievance is still pending. (Boren Aff. ¶¶ 10-11.) UAW is awaiting a

step three written decision from Ford.  (Id.)  Plaintiff argues, however, that he should be permitted to bypass the normal grievance process because UAW acted arbitrarily and failed to properly represent him.  (Pl.'s Resp. 3-4.)  To support his claim, Plaintiff points to a Reinstatement Waiver signed in 2006 and to UAW's failure to respond to certain correspondence from Plaintiff.  (Pl.'s Resp. 4.)

Neither the Reinstatement Waiver nor UAW's alleged failure to respond to Plaintiff's correspondence supports Plaintiff's claim.  The Reinstatement Waiver is from December 2006.  The six-month statute of limitations bars Plaintiff from now asserting claims against UAW for its alleged failure to represent him in 2006.  The 2006 Waiver is not evidence that UAW has acted arbitrarily with respect to his July 2007 grievance.

The correspondence to which UAW allegedly failed to respond was sent after this lawsuit was filed and after UAW was served with process.  At most, therefore, the letters indicate that UAW declined to correspond personally with Plaintiff about his grievances during the pendency of this lawsuit.  Such prudence does not amount to arbitrariness, dishonesty, or discrimination.

Plaintiff has not established that UAW has been "discriminatory, dishonest, arbitrary, or perfunctory" in its processing of his 2007 grievance.  He has presented no evidence that the union has refused to process his grievance, treated his grievance differently than other grievances, or behaved dishonestly in pursuing the grievance.  In the absence of such evidence, Plaintiff is not permitted to bypass the normal contractual grievance process in favor of a judicial remedy.   Because his grievance is still pending, Plaintiff has not exhausted the grievance process. Plaintiff's claim against UAW, therefore, is premature and should be dismissed without prejudice.

Attorneys' Fees and Costs

UAW is not entitled to attorneys' fees because there is no evidence that Plaintiff's claim was frivolous or brought in bad faith.  See Fed. R. Civ. P. 11.  Plaintiff's complaint is premature, but that fact does not subject him to Rule 11 sanctions.  Id.

Conclusion

For these reasons, Plaintiff's claims against UAW are hereby DISMISSED WITHOUT PREJUDICE.  UAW's Motion for Attorneys' Fees and Costs is DENIED.


SO ORDERED this 6th day of November, 2008.


    /s/ JON P. McCALLA
    United States District Judge